UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
CYRIL WALTER HORSHAM,

                Plaintiff,                          **ORDER**
                                                            14-CV-651 (MKB) (LB)
       v.

FRESH DIRECT,

                Defendant.
----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Cyril Horsham, proceeding *pro se*, commenced this action on January 28, 2014 against Defendant Fresh Direct, alleging age and disability discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). (Docket Entry No. 1.) On September 22, 2014, with leave of the Court, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 15.) Defendant subsequently moved to dismiss the Amended Complaint, and on September 28, 2015, the Court granted Defendant's motion to dismiss and gave Plaintiff leave to file a second amended complaint. (Mem. and Order, Docket Entry No. 21.) On October 27, 2015, before the deadline for filing the second amended complaint, Plaintiff filed a letter containing additional factual allegations in support of his claim. (Letter dated Oct. 27, 2015, Docket Entry No. 22.) In view of Plaintiff's *pro se* status, the Court construed the October 27, 2015 letter to supplement Plaintiff's claims and found that Plaintiff had plausibly alleged a disability discrimination claim based on his unlawful termination in violation of the ADA. (Order dated Nov. 2, 2015.) The Court referred the case to Magistrate Judge Lois Bloom for pretrial discovery. (*Id.*)

On May 19, 2016, Defendant moved to dismiss the action for Plaintiff's failure to prosecute pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, asserting that Plaintiff had failed to respond to Defendant's written discovery requests and had failed to attend his deposition. (Letter Mot. to Dismiss for Lack of Prosecution ("Ltr. Mot. to Dismiss"), Docket Entry No. 37.) Judge Bloom issued an order directing Plaintiff to respond to Defendant's discovery requests and to reschedule his deposition, or to show good cause explaining why he had failed to do so. (Order dated June 14, 2016, Docket Entry No. 38.) A copy of Judge Bloom's Order was sent to Plaintiff via first-class mail on June 15, 2016. Plaintiff filed a letter on June 22, 2016, but did not comply with his discovery obligations or show good cause for his failure to comply with those obligations. (*See* Letter dated June 22, 2016, Docket Entry No. 39.)

By report and recommendation dated July 21, 2016 (the "R&R"), Judge Bloom recommended that the Court dismiss the action because of Plaintiff's failure to prosecute. (R&R 3, Docket Entry No. 41.) A copy of Judge Bloom's R&R was sent to Plaintiff via first-class mail on July 22, 2016. On September 7, 2016, Plaintiff filed a letter with the Court. (Pl. Letter dated Sept. 7, 2016, Docket Entry No. 42.)

In view of Plaintiff's *pro se* status, the Court scheduled a status conference for September 20, 2016, at 10:00 AM. The Court both mailed a copy of the scheduling order to Plaintiff and informed him via telephone of the scheduled status conference. Plaintiff failed to appear at the conference. As stated on the record, the Court construed Plaintiff's September 7, 2016 letter as an objection to the R&R. Nevertheless, having reviewed the R&R and in view of Plaintiff's continued failure to pursue his case, the Court adopted Judge Bloom's R&R pursuant to 28 U.S.C. § 636(b)(1) and dismissed Plaintiff's case for failure to prosecute. (Min. Order dated Sept. 20, 2016.) Plaintiff appeared for the conference several hours later, asserting that he had

not received notice of the conference until earlier that day. (*See id.*) The Court excused Plaintiff's failure to appear, granting him two weeks to explain in a sworn affidavit why he had not complied with his discovery obligations. (*See* Order as to Min. Entry dated Sept. 20, 2016.) Plaintiff submitted a sworn affidavit on September 26, 2016, explaining his failure to appear for the September 20, 2016 conference, but not explaining his failure to comply with his discovery obligations. (Pl. Letter dated Sept. 26, 2016, Docket Entry No. 44.) On November 3, 2016, the Court scheduled a status conference for November 9, 2016 at 10:00 AM. (*See* Sched. Order dated Nov. 3, 2016.) A copy of the scheduling order was mailed to Plaintiff that day, and the Court attempted to contact Plaintiff by telephone but was unable to reach him. Plaintiff failed to appear at the November 9, 2016 status conference.

Accordingly, this action is dismissed for failure to prosecute. The Clerk of Court is directed to close this case and to mail Plaintiff an appeals packet.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 9, 2016
       Brooklyn, New York